CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
09/27/2017
JULIA C. DUDLEY, CLERK
BY: s/ F. COLEMAN
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| CARL D. GRAY,<br><br>         *Plaintiff*,<br><br>v.<br><br>CAROLYN COLVIN, Acting Commissioner of Social Security,<br><br>         *Defendant*. | CASE NO. 6:16-cv-00009<br><br>MEMORANDUM OPINION<br><br>JUDGE NORMAN K. MOON |

  This matter is before the Court on the parties' cross motions for summary judgment (dkts. 14, 16), the Report and Recommendation of United States Magistrate Judge Robert S. Ballou (dkt. 21, hereinafter "R&R"), and Plaintiff's Objections to the R&R (dkt. 22, hereinafter "Objections"). Pursuant to Standing Order 2011-17 and 28 U.S.C. § 636(b)(1)(B), the Court referred this matter to U.S. Magistrate Judge Ballou for proposed findings of fact and a recommended disposition. Judge Ballou filed his R&R, advising this Court to deny Plaintiff's motion and grant the Commissioner's motion. Plaintiff timely filed his Objections, obligating the Court to undertake a *de novo* review of those portions of the R&R to which objections were made. *See* 28 U.S.C. § 636(b)(1)(B); *Farmer v. McBride*, 177 F. App'x 327, 330 (4th Cir. 2006). Because the Objections lack merit, I will adopt Judge Ballou's R&R in full.

### I. STANDARD OF REVIEW

  A reviewing court must uphold the factual findings of the ALJ if they are supported by substantial evidence and were reached through application of the correct legal standard. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Bird v. Comm'r of SSA*, 669 F.3d 337, 340 (4th Cir. 2012). Substantial evidence requires more than a mere scintilla, but less than a preponderance, of

evidence. *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001). A finding is supported by substantial evidence if it is based on "relevant evidence [that] a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam). Where "conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled," the Court must defer to the Commissioner's decision. *Johnson*, 434 F.3d at 653.

A reviewing court may not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment" for that of the ALJ. *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) (citation omitted). "Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the Secretary (or the Secretary's designate, the ALJ)." *Id.* (quoting *Walker v. Bowen*, 834 F.2d 635, 640 (7th Cir. 1987)). "Ultimately, it is the duty of the [ALJ] reviewing a case, and not the responsibility of the courts, to make findings of fact and to resolve conflicts in the evidence." *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Thus, even if the court would have made contrary determinations of fact, it must nonetheless uphold the ALJ's decision, so long as it is supported by substantial evidence. *See Whiten v. Finch*, 437 F.2d 73, 74 (4th Cir. 1971).

## II. ANALYSIS

Because Plaintiff does not object to the R&R's recitation of the factual background and claim history in this case, I incorporate that portion of the R&R into this opinion. (*See* R&R at 2–3). By way of summary, Plaintiff applied for (and was denied) disability insurance benefits under the Social Security Act based on his degenerative disk disease and chronic obstructive pulmonary disease. (R&R at 3 (citing, *e.g.*, R18)).[1] The ALJ concluded that Plaintiff maintained

---

[1] The Court denotes citations to the administrative record as "R" followed by the page number.

the residual work capacity to perform a range of sedentary work in a climate controlled environment. (R&R at 3 (citing R20)).

Plaintiff lodges two objections to Judge Ballou's R&R, both of which pertain to credibility determinations by the ALJ. First, Plaintiff objects that the R&R "erred in concluding the ALJ sufficiently explained his decision to give [the treating physician] Dr. Luth's opinions little weight" and that the ALJ's decision to do so lacked substantial evidence. (Objections at 1). Second, Plaintiff contends the R&R erroneously concluded that substantial evidence supported the ALJ's adverse credibility determination regarding Plaintiff's symptoms. (Objections at 3). These objections are considered in turn.

### A. Treating Physician Opinion

For the reasons stated by Judge Ballou, the Court concludes that the ALJ provided a narrative of his decision and rationale that allows for meaningful review of his conclusions about Dr. Luth's (and other doctors) medical opinions. (R&R 11; *see*, *e.g.*, *id*. 7–11). Moreover, the ALJ's conclusions regarding Dr. Luth were supported by substantial evidence.

The ALJ reviewed in detail and considered the evidence pertaining to Plaintiff's visits to Dr. Luth. (*E.g.*, R21 (discussing visits in February and June 2012), R22 (recounting August 2012, December 2013, February 2014, March 2014, July 2014, and June 2015 visits)). The ALJ then specifically cited and quoted the documentation of the December 2013 visit. (R24 (citing R439)). The ALJ found Dr. Luth's note—which stated Plaintiff had "significant limitations in stamina, ability to lift, ability to walk or sit for prolonged periods"—was "vague and conclusory, providing no explanation as to the claimant's specific functional limitations or the period to which the statement was intended to apply." (R24–25). The ALJ had already observed that the same evaluation contradicted Dr. Luth's note: Plaintiff complained at that time only of

3

"moderate" pain, he demonstrated "normal gait and posture," and a straight leg (or Lasègue) test was negative. (R22 (citing R437–39)). As for the June 2015 opinion, the ALJ provided an extended explanation—complete with citations to the record which supported his reasons—for why he gave Dr. Luth's opinion only partial weight. (R&R at 7–8 (quoting R25)).

While I might not have reached the same conclusions as the ALJ, it is not a district judge's role to "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment" for that of the ALJ. *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) (citation omitted). Rather, the inquiry is whether the ALJ adequately explained its decision and whether that decision was supported by substantial evidence. I conclude the ALJ did so here. A reasonable mind could accept the ALJ's rationale and evidence as adequate to support his conclusions. *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005).[2]

## B. Plaintiff's Credibility

Plaintiff challenges the ALJ's assessment of his credibility in the course of finding that he retained some residual functional capacity. (R20–23). The ALJ reached this conclusion during

---

[2] As part of his credibility objection, Plaintiff faults the ALJ for failing to address Dr. Luth's June 2015 opinion regarding Plaintiff's manipulative limitations. But none of Plaintiff's visits with Dr. Luth pertained to manipulative limitations: They focused on Plaintiff's back pain, and Dr. Luth's notes on those occasions were inconsistent with her passing mention in June 2015 about manipulative limitations. (R&R 7, 9 (citing R438, 448–49, 451, 460, 670–71, 667)). As the ALJ specifically observed, the "extreme limitations" listed by Dr. Luth "are inconsistent with the medical evidence of record, including her own treatment notes." (R25).

Plaintiff's assertion that the record does not support the decision to disregard Dr. Luth's opinion about Plaintiff's ability to be present and functional at work fails for the same reason. (Objections at 1, 3). The ALJ observed that Dr. Luth "relied quite heavily" on Plaintiff's "subjective report of symptoms and limitations," which the ALJ in turn found lacked credibility. (R25). For instance, the ALJ observed that Plaintiff occasionally hauled scrap, took a long camping trip, his treatment history did not match up well with the purported extent of his limitations, and his limitations—as self-reported and apparent from exams—were inconsistent. (R23; *see* R22). All of this provides a reasonable basis to conclude Plaintiff could, in fact, be present and functional during a workday, in contravention of Dr. Luth's opinion. In addition, the R&R surveys the ALJ's detailed analysis of other record evidence—specifically, why the ALJ did not give credence to findings by other doctors. (R&R at 8–11).

an evaluation of the "intensity, persistence, and limiting effects of the claimant's symptoms" in determining "the extent to which they limit the claimant's ability to do basic work activities." (R21). Put differently, the ALJ determined that Plaintiff does have "an underlying . . . impairment that *could* reasonably be expected to produce the claimant's pain or other symptoms," but he concluded the impairment did not *actually* hamper Plaintiff to the extent Plaintiff claimed. (R21 (emphasis added)).

The issue is thus one of Plaintiff's credibility. The ALJ's decision is supported by substantial evidence, based as it was on facts a reasonable mind might accept to conclude that Plaintiff's maladies and their effects were not as severe as reported. Judge Ballou has already recapitulated this evidence (R&R at 13–14), but I will review it as well.

The ALJ recounted numerous instances where Plaintiff exhibited "normal gait and posture." (R21–22). Plaintiff, in April 2013, stated to doctors that he hauled scrap occasionally. (R23). In July 2012, Plaintiff indicated he "had recently gone on a long camping trip." (R22). In February 2014, he reported feeling well and having only minor complaints. (R22). During an August 2015 trip to the hospital for back pain, Plaintiff "demonstrated full extremity range of motion and 5/5 strength in all major muscle groups." (R22). The ALJ explained that Plaintiff's treatment seemed "relatively limited and conservative overall" in light of the claimed severity of his condition; Plaintiff had not, for instance, required surgery or physical therapy. (R23). Moreover, Plaintiff "has been treated primarily with medications, which appear to have been relatively effective in controlling his symptoms." (R23).

This evidence was cited by the ALJ, and all of it permits a rationale inference that Plaintiff's condition was not limiting him to a disabling extent.[3] As the ALJ put it, "the degree

---

[3]  Plaintiff criticizes the R&R and the ALJ for, in his view, failing to address "his pain

of severity alleged lacks support and consistency with the other evidence of record," and the "limited degree of treatment required and relatively benign examinations during the period at issue belie allegations of disabling symptoms or functional limitations." (R23).

### III. CONCLUSION

After undertaking a *de novo* review of those portions of the R&R to which Plaintiff objected, I find that substantial evidence supports the ALJ's conclusions. Accordingly, I will enter an order overruling Plaintiff's Objections (dkt. 22), adopting the Magistrate Judge's R&R in full (dkt. 21), granting the Commissioner's Motion for Summary Judgment (dkt. 16), denying Plaintiff's Motion for Summary Judgment (dkt. 14), and dismissing and striking this action from the active docket of the Court.

The Clerk of the Court is hereby directed to send a certified copy of this Memorandum Opinion and the accompanying Order to all counsel of record, and to United States Magistrate Judge Robert S. Ballou.

Entered this  27th  day of September, 2017.

                                                                                  *[signature]*
                                                                                  NORMAN K. MOON
                                                                                  UNITED STATES DISTRICT JUDGE

---

complaints and his allegation that he must frequently change positions and must lie down during the day." (Objections at 4). He contends the evidence cited by the ALJ—*e.g.*, camping trips, haul scrap, normal gait and posture—does not speak to his (claimed) inability to work over a sustained or consistent period.
     But the rejection of this argument is necessarily entailed by the ALJ's analysis and conclusion. The ALJ relied on the aforementioned substantial evidence to make a judgment *about Plaintiff's credibility*—specifically, that Plaintiff did not the suffer pain, symptoms, and resulting limitations to the extent he asserted. To single out a discrete facet of Plaintiff's testimony on that subject as being insufficiently rebuffed and worthy of credence is, as they say, to lose the forest for the trees.